UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 22  A 10: 35

UNITED STATES OF AMERICA,   Case No. 02-CV-2255(SRU)

   Plaintiff,

v.

NATHAN PRIMUS,

   Defendant.
_____/

## MEMORANDUM OF LAW IN SUPPORT OF
## UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

On December 19, 2002, the United States of America commenced the above-captioned suit to reduce to judgment assessments made against defendant Nathan Primus for federal individual income tax liabilities for tax year 1992 and federal employer withholding tax liabilities for tax year 1988. The United States has filed a motion for summary judgment, and this memorandum is filed in support of that motion.

### STATEMENT OF FACTS

The uncontested facts are set forth in detail in the accompanying Local Rule 56(a)(1) Statement. The material facts will, therefore, not be restated here.

- 1 -

**ARGUMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While the evidence must be viewed in the light most favorable to the nonmoving party, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 466 U.S. 317, 322, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); see also Anderson v. Liberty Lobby Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).

I.   THE ASSESSMENTS AGAINST THE DEFENDANT ARE PRIMA FACIE VALID

Section 6201 of the Internal Revenue Code (26 U.S.C.) authorizes the Secretary of the Treasury or his delegate to assess all taxes, including interest and additions to tax imposed by the Internal Revenue Code. See 26 U.S.C. § 6201. Assessments of the Internal Revenue Service are presumed to be correct and proper. See United States v. Fior D'Italia, 536 U.S. 238, 242 (2002); Apollo Fuel Oil v. United States, 195 F.3d 74, 76 (2nd Cir. 1999); United States v. Upton, 967 F. Supp. 57, 59 (D. Conn. 1997). In tax cases, the taxpayer has the burden to show that an assessment is incorrect. See Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623 (1935). A showing that federal taxes have been assessed and that balances remain due on such assessment is sufficient proof of tax liability. See Helvering, 293 U.S. at 515. Moreover, the Internal Revenue

Service's Certificate of Assessments and Payments provides presumptive proof of the validity of the assessments. United States v. Upton at 59; see also United States v. Janis, 428 U.S. 433, 440-41, 96 S.Ct. 3021, 3026, 49 L.Ed.2d 1046 (1976), on remand, 540 F.2d 1022 (9th Cir. 1976), reh'g denied, 429 U.S. 874, 97 S.Ct. 196 (1976); United States v. Chila, 871 F.2d 1015, 1017-1018 (11th Cir. 1989), cert. denied, 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984), cert. denied, 469 U.S. 830 (1984). The Certificates of Assessments and Payments list the dates that notices of balance due were sent to the defendant for the assessed amounts, the balance due on the assessed amounts, and the amount of accrued interest and penalties (interest and penalties continue to accrue as allowed by law).

The Internal Revenue Service ("IRS") assessed 1992 federal income tax liabilities against Nathan Primus on August 22, 1994. (Decl. Ex. 1). The IRS thereafter assessed interest and penalties against Nathan Primus for his failure to timely file his 1992 federal income tax return and pay the assessed amounts. (Decl. Ex. 1). The unpaid assessed balance of Nathan Primus' 1992 federal income tax liability is $38,061.54. (Decl. Ex. 1). Interest accrued and continues to accrue from the dates of assessment.

The IRS assessed 1988 employer withholding tax liabilities against Nathan Primus, as a partner of Primus Construction Company, on November 4, 1994. (Decl. Ex. 2). The IRS thereafter assessed interest and penalties against Nathan Primus for his failure to timely file a fourth-quarter 1988 employer's quarterly tax return and pay the assessed amount. (Decl. Ex. 2). The unpaid assessed balance of Nathan Primus' 1988 employer withholding tax liability is $1,580.65. (Decl. Ex. 2). Interest accrued and continues to accrue from the dates of assessment.

II.  **THE DEFENDANT IS NOT ENTITLED TO THE NET OPERATING LOSS CARRYBACKS THAT FORM THE BASIS OF HIS DENIAL THAT HE HAS FAILED, NEGLECTED, OR REFUSED TO PAY IN FULL HIS 1992 FEDERAL INCOME TAX LIABILITIES**

To the extent that the defendant asserts that he is entitled to a net operating loss carryback from 1993 and/or 1994 to 1992, the assertion is without merit.

The defendant is time-barred, pursuant to 26 U.S.C. § 6511(d)(2), from claiming a credit or refund for tax year 1992 attributable to a net operating loss carried back from tax year 1993 and/or tax year 1994. Under § 6511(d)(2), the period of limitation for a claim for credit or refund relating to "an overpayment attributable to a net operating loss carryback...shall be that period which ends three years after the time prescribed by law (including extensions thereof) for the taxable year of the net operating loss...which results in the carryback...." Here, the defendant filed, on February 24, 1999, two claims for credit or refund (Amended U.S. Individual Income Tax Returns) for tax year 1992. (Decl. Exs. 3 and 4). On the first of these amended tax returns, the defendant claimed a credit or refund based on a net operating loss carryback from tax year 1993 to tax year 1992. (Decl. Ex. 3). The period of limitation for this claim ended on October 15, 1997– three years after the 1993 tax return was last due. On the second of the defendant's amended tax returns for tax year 1992, the defendant claimed a credit or refund based on a net operating loss carryback from tax year 1994. (Decl. Ex. 4). The period of limitation for this claim ended on October 15, 1998– three years after the 1994 tax return was last due. Because the defendant failed to file the claims for credit or refund for tax year 1992 within the periods of limitation, he is barred from doing so. As such, the defendant may not defend this

action by claiming that his 1992 federal income tax liability was reduced by one or more of his claimed net operating loss carrybacks.

III. SECTION 6502 OF THE INTERNAL REVENUE CODE DOES NOT BAR THE UNITED STATES OF AMERICA'S CLAIM AS TO NATHAN PRIMUS' LIABILITY FOR TAX YEAR 1988

The defendant's Answer raised the affirmative defense that 26 U.S.C § 6502 may bar the United States of America's claims as to tax year 1988; section 6502 provides no such relief.

Nathan Primus' federal tax liability for tax year 1988 arises from his failure to pay employer withholding taxes for a partnership known as Primus Construction Company. Nathan Primus and John Henry Primus were the partners of Primus Construction Company, which filed on or about November 4, 1994 its Employer's Quarterly Federal Tax Return (Form 941) for the tax period ended December 31, 1988. (Decl. Ex. 2). The United States has 3 years from the date of filing of the return to assess the tax due. 26 U.S.C. § 6501(a). The United States assessed Nathan Primus' employer's withholding tax liability for the tax period ended December 31, 1988 on November 4, 1994, on or about the date the return was filed, and a date plainly within three years of the filing date. (Decl. Ex. 2). The United States then had 10 years from November 4, 1994 to bring suit for collection. 26 U.S.C. § 6502(a). On December 19, 2002, within the 10-year limitation period, the United States brought this action to reduce to judgment the assessment against Nathan Primus for tax year 1988.

## CONCLUSION

The defendant's refund claims as to the 1992 income tax liability were not timely filed and are barred by limitations. This collection action by the United States is timely as to the defendant's employment tax liability for 1988. Thus, the United States' motion for summary judgment should be granted.

                                          Respectfully submitted,

                                          KEVIN J. O'CONNOR
                                          United States Attorney

                                          BARRY E. REIFERSON  ct 24580
                                          Trial Attorney, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 55
                                          Ben Franklin Station
                                          Washington, D.C. 20044
                                          Telephone: (202) 514-6058
                                          Facsimile:  (202) 514-5238

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT service of the foregoing United State of America's Motion for Sunnary Judgment and the United States of America's Memorandum of Law in Support of United States of America's Motion for Summary Judgment has this /9"'day of December 2003, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Robert J. Percy
Siegel, O'Connor, Zangari, Odonell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103

BARRY E. REIFERSON
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6058