IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. 3-02-CV-02255(SRU) |
| **Plaintiff,** | : | |
| v. | : | |
| **NATHAN PRIMUS** | : | |
| Defendant. | : | January 8, 2004 |

**DEFENDANT'S LOCAL RULE 56(a)(2) STATEMENT**

<u>Introduction and General Response:</u>

As set forth in the following individually numbered paragraphs responding to the paragraphs in Plaintiff's Local Rule 56(a)(1) Statement, the defendant admits that the exhibits submitted by defendant consist of true copies of the documents identified by the defendant. However, the defendant denies that the defendant's characterizations of these exhibits are a complete and accurate statement of their contents.

The defendant also denies any claim, directly or by inference, that any of these exhibits either state or indicate in any way that the defendant was not entitled to a reduction in the tax liability sought by the plaintiff for the taxable year 1992.

<u>Specific Responses</u>

1.    Admits that defendant filed the document, however since the original tax due for 1992 had never been paid, no tax refund or tax credit was involved. Instead the carryback of the 1993 net operating loss was a claim for a reduction of the tax due as originally filed in 1992.

2. Admits that defendant filed the document, however since the original tax due for 1992 had never been paid, no tax refund or tax credit was involved. Instead the carryback of the 1993 net operating loss was a claim for a reduction of the tax due as originally filed in 1992.

3. Admits.

4. Admits.

5. Denied.

The transcript of account for the taxable year 1993 provided by plaintiff indicates that defendant's 1993 tax return was filed on July 13, 1995. (Def. Ex. A). Said tax return claimed schedule C losses of $85,635 and S Corporation losses of $52,675. (Def. Ex. B). The claimed 1993 losses were also carried back to 1990 and 1991 resulting in the reduction in tax for those years of $4,773 and $11,703, respectively. (Pet. Ex. 3). The transcript of account for 1990 provided by the plaintiff indicates that on April 28, 1999 $4,773 in tax was abated by the plaintiff. (Def. Ex. C). The transcript of account for 1991 provided by the plaintiff indicates that on April 26, 1999 $11,703 in tax was abated by the plaintiff. (Def. Ex. D). The transcript of account for 1992 provided by the plaintiff indicates that on April 26, 1999 the claim was disallowed. (Def. Ex. E). The plaintiff's statement indicates that no agreement existed between the parties extending the period for assessment in regard to 1993, however, the transcripts of account for 1990 and 1991 allowing the net operating loss carrybacks to those years indicate otherwise. Further, the Certificate of Assessments and Payments (Pet. Ex. 1) indicates that on 4/26/99 an "additional tax assessment" was made. While the assessed amount is zero, this "explanation of transactions" would indicate that the plaintiff had the right on said date to make such an assessment, which could only be done if either the net operating loss carryback was

allowable on that date or if the assessment statute for the taxable year 1992 itself was still open.

The transcript of account for the taxable year 1994 provided by plaintiff indicates that defendant's 1994 tax return was filed on January 6, 1998. (Def. Ex. F). Said tax return claimed schedule C losses of $16,042, S Corporation losses of $30,203 and Sale of Business Property losses of $80,835. (Def. Ex. G) The transcript of account for 1992 provided by the plaintiff indicates that on April 26, 1999 the <u>claim</u> not claims was disallowed.  (Def. Ex. E).  Since the net loss carryback from 1994 only effected the taxable year 1992, the disallowance may only have been applicable to the 1994 year and not 1993, which would be consistent with the allowance of the 1993 net loss carrybacks to 1990 and 1991.

6. Admitted.

7. Admitted only to the extent that this is the information set forth on the transcript and Certificate of Assessments and Payments provided by the plaintiff. Said tax return was due on January 31, 1989. The plaintiff has not produced, although it has been requested, the original tax return, or copy thereof, with its stamped receipt date

8. Admitted only to the extent that this is the information set forth on the transcript and Certificate of Assessments and Payments provided by the plaintiff.

<u>Disputed  Issues of Material Fact:</u>    .

A. Whether or not the tax liability for 1992 can be adjusted at this time due to the net operating losses from the defendant's taxable years 1993 and 1994.

                                        **DEFENDANT**
                                        **NATHAN PRIMUS**

By: _____
     Robert J. Percy
     Fed. Bar No. ct01197
     Siegel, O'Connor, Zangari,

O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900