IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. 3-02-CV-02255(SRU) |
| Plaintiff, | : | |
| v. | : | |
| **NATHAN PRIMUS** | : | |
| Defendant. | : | January 8, 2004 |

**MEMORADUM OF LAW IN OPPOSITION TO THE**
**UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGEMENT**

On December 19, 2003 the Plaintiff mailed its Motion for Summary Judgement in this case under Rule 56 of the Federal Rules of Civil Procedure stating that the United States is entitled to such relief as a matter of law. The Defendant has filed an objection to the motion, and this memorandum is filed in support of that motion.

### STATEMENT OF FACTS

As set forth in the accompanying defendant's Local Rule 56(a)(2) Statement the facts of this case are contested to the extent set forth in the defendant's statement. The contested facts will, therefore, not be restated here.

### ARGUMENT

I.  **UNRESOLVED ISSUES OF MATERIAL FACT PRECLUDES THE GRANTING OF SUMMARY JUDGEMENT.**

The plaintiff has adequately set forth the law on the when summary judgement is appropriate as a matter of law. The issue therefore is whether there is a genuine issue of any material fact. Admittedly, the assessments of the Internal Revenue Service are presumed to be correct and the taxpayer has the burden of showing them to be incorrect. In regard to 1992 it is

admitted that the initial assessment is correct, but the issue remains as to whether this assessment is currently correct in light of the subsequent 1993 and 1994 net operating losses experienced by the taxpayer and the refusal of the Internal Revenue Service to carry theses losses back to 1992 as it did for 1990 and 1991 based upon the same filing by the taxpayer in regard to the 1993 losses. The transcripts for 1990 and 1991 are subject to the same presumption of correctness as the plaintiff requests the Court to give to its record for1992. However, based upon the plaintiff's arguments they would have to be incorrect.  The factual unexplained inconsistency in and of itself precludes the granting of the plaintiff's motion.

II.     **DEFENDANT'S CLAIM IS NOT A REQUEST FOR A CREDIT OR REFUND**

The plaintiff alleges that the defendant's net loss carryback is time barred pursuant to 26 U.S.C. § 6511(d)(2) as a claim for credit or refund that was not filed within three years, with extensions, after the due dates of the 1993 and 1994 loss year tax returns. However, that three-year statute of limitations is "in lieu of the 3-year period of limitation prescribed in 26 U.S.C. § 6511(a). The purpose of this statute is to extend the normal three-year refund statute on the 1992 tax year. This section does not effect the 2 years from the time the tax was paid, whichever of such periods expires the later" under subsection 26 U.S.C. § 6511(a). In this case, the plaintiff seeks a judgement for 1992 taxes that in fact have never been paid. Therefore, no claim for refund or credit was made with the filing of the forms 1040X for 1992. Instead as done in 1990 and 1991 where the Internal Revenue Service "abated" the assessment that had been made for those years based upon the 1993 net operating loss carryback, the same adjustments should be made for 1992.

Under 26 U.S.C. § 6404(a)(1) the Internal Revenue Service is "authorized to abate the unpaid portion of the assessment of any tax liability in respect thereof, which is excessive in

amount…" In order for the 1990 and 1991 abatements to be "presumed correct" the 1993 net operating loss carryback was acceptable and resulted in the abatements of those two years of the excessive amounts of tax. The plaintiff would have the Court ignore this fact and not allow a similar abatement for 1992 as to 1993 and 1994 without offering the defendant any explanation of its inconsistency. As for the net operating loss carryback from 1994 a similar situation exists in that no claim has ever been made that the claimed loss was incorrect.

Should the Court grant the judgement as to 1992 and the amounts are paid, then the defendant would be required to file a claim for refund on the same carryback of the net operating loss basis within 2 years of the date of payment, assuming that this action would not be "res judicata" to such a claim. Since the plaintiff has seen fit to bring this case before the Court, the defendant should be allowed to question whether the amount of the judgement sought is curently correct..

### III.     INSUFFICENT BASIS HAS BEEN SHOWN FOR 1988

Based only upon the "Certificate of Assessments and Payments' the defendant cannot argue against the plaintiff. However, the production of the actual Form 941 involved would establish both the filing date and amount of tax reported if in fact it was not an estimated amount prepared under 26 U.S.C.§ 6020(b).  Further it may explain why this particular tax return was filed almost five years late.

### CONCLUSION

Based upon the above and evidence presented by the defendant, the plaintiff's motion for summary judgement should not be granted.

**DEFENDANT**
**NATHAN PRIMUS**


By: _____
Robert J. Percy
Fed. Bar No. ct01197
Siegel, O'Connor, Zangari
O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
(860) 727-8900